**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**                                                     **Criminal Action No. 2:06cr172**

**FERNANDO SANTANA,**

    **Defendant.**

**OPINION AND ORDER**

This matter is before the court on the defendant's motion to dismiss the superseding indictment and motion to sever. The court held a hearing on the motions on September 11, 2007, at which time the court ruled on both motions from the bench. For the reasons stated on the record, the court **DENIES** the defendant's motion to dismiss the superseding indictment and **DENIES** the defendant's motion to sever.

I. Procedural History

On December 13, 2006, a grand jury returned a 69-count indictment against the defendant and four others, in which the defendant was named in eight of the counts, including one count of conspiracy to distribute and to possess with intent to distribute methamphetamine, one count of conspiracy to launder money, five counts of possession with intent to distribute methamphetamine, and one count of distribution of methamphetamine. Prior to trial, each of the defendant's co-defendants pleaded guilty, and three of them, Octavio Chavez, Esmerelda Ramirez, and John Gossett, began cooperating with the United States. The defendant alone proceeded to trial, which commenced on May 7, 2007. After a jury was empaneled and the

parties made their opening statements, the government called a few witnesses from law enforcement and one alleged co-conspirator. The government then called Martin Fernandez, another alleged co-conspirator, and in response to a question from Assistant United States Attorney Laura Everhart, Mr. Fernandez testified that the defendant had been involved in distributing cocaine. Defense attorney Andrew Sacks immediately objected and moved for a mistrial on the grounds that the indictment against the defendant made no mention whatsoever of cocaine, and therefore its mention in front of a jury was prejudicial.

The government argued against a mistrial, but the court determined that a mistrial was appropriate and so granted the defendant's motion. On June 22, 2007, a grand jury returned a superseding indictment against the defendant alone, which included the original eight counts plus an additional thirteen counts, including five counts alleging possession with intent to distribute cocaine, one count alleging possession of a firearm with an altered or obliterated serial number, two counts alleging money laundering, and five additional counts alleging possession with intent to distribute methamphetamine.

On August 20, 2007, the defendant filed a motion to dismiss the superseding indictment on the basis of the vindictive prosecution doctrine, and a motion to sever the counts of the indictment alleging cocaine possession, which would only be considered if the court denies the motion to dismiss the superseding indictment. The government filed response briefs to both of the motions on August 30, 2007, and they are now ripe for consideration.

II. Analysis

A. Motion to Dismiss

The defendant's motion to dismiss was brought on the basis of the vindictive prosecution

doctrine, which bars a prosecutor from punishing a criminal defendant for exercising a clearly-established right.  The doctrine is intended to prevent the government from exacting a price from such a defendant by, <u>inter alia</u>, adding new charges against him that would result in an increased prison sentence.  The law therefore intercedes to prevent the government from punishing a defendant for doing what the law plainly allows him to do.  In this case, the defendant does not present direct evidence of prosecutorial animus against him, but instead relies upon a burden-shifting scheme in which a presumption of discriminatory animus arises upon the showing of evidence of circumstances from which an improper vindictive motive may be presumed.  "To invoke such a presumption, a defendant must show that the circumstances 'pose a realistic likelihood of vindictiveness.'"  <u>United States v. Wilson</u>, 262 F.3d 305, 314 (4th Cir. 2001) (quoting <u>Blackledge v. Perry</u>, 417 U.S. 21, 27-29 (1974)).

      The defendant argues that the superseding indictment–filed against him a month and a half after he successfully moved for a mistrial over the government's objection–is evidence sufficient to raise the presumption that the government sought the additional charges against him on the basis of an improper vindictive motive.  The defendant further argues that the additional thirteen charges against him increase the potential sentence he may receive should he be convicted.[1]  Once such a presumption arises, "the burden shifts to the government to present

---

[1] The government contests this point, noting that the defendant is still charged with conspiracy to distribute and to possess with intent to distribute methamphetamine, an offense which carries a statutory range of ten years to life imprisonment.  <u>See</u> 21 U.S.C. §§ 846, 841(b)(1)(A)(viii).  Further, none of the additional charges in the superseding indictment carries a term of imprisonment that must be served consecutive to any other term of imprisonment imposed.  The government also notes that, under the United States Sentencing Guidelines, the additional quantities of drugs charged in the superseding indictment would likely have been attributed to the defendant were he convicted of a drug offense in the initial indictment, on the basis of relevant conduct.  <u>See</u> U.S.S.G. § 1B1.3(a) (permitting drug quantities not specified in

3

objective evidence justifying its conduct." Id. at 315. The facts of this case render it unique among Fourth Circuit precedent, as most of the cases addressing the issue of vindictive prosecution have involved a superseding indictment filed either prior to trial or after an unopposed grant of a mistrial on the basis of a jury deadlock. See, e.g., United States v. Corbitt, 675 F.2d 626, 630 (4th Cir. 1982) (holding that a superseding indictment filed three days after the defendant filed a motion to suppress was not evidence of vindictive conduct, because, "so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion") (internal quotation omitted); United States v. Perry, 335 F.3d 316, 324 n.13 (4th Cir. 2003) (noting that the defendant's motion for a mistrial after a jury deadlock was unopposed and specifically declining to decide the question of whether a presumption of vindictiveness would arise where the government opposed such a motion).

      The government's argument in response focuses on the timing of the initial trial. After the defendant was indicted along with four co-defendants, his co-defendants all agreed to plead guilty, and three of them provided the government with a significant amount of new information. Prior to the initial trial date, the government decided that, rather than seek a superseding

---

the count of conviction to be considered for sentencing purposes if they "were part of the same course of conduct or common scheme or plan").
      As the Fourth Circuit held in United States v. Corbitt, 675 F.2d 626 (4th Cir. 1982), the filing of a superseding indictment which added charges that carried less severe penalties than those in the original indictment was found to not represent "any realistic likelihood of vindictiveness." Id. at 629 (internal quotations omitted). Regardless, however, of whether the defendant now faces an increase in the maximum potential sentence, the court's opinion is based on the information provided by the government, justifying its actions and rebutting any presumption of vindictive motive.

4

indictment–which if secured might result in a delayed trial–it would instead go to trial on the original indictment. However, once the mistrial was granted and a new trial set for several months later, the government took the opportunity to present the new information to a grand jury and obtain the superseding indictment. Therefore, rather than evidence of a vindictive motive on the part of the government, the superseding indictment is instead the result of the additional time that the government had once the mistrial was granted.

Based on the facts of the case before it, the court finds that, although the defendant has offered evidence of circumstances from which a vindictive motive may be presumed, the government has offered objective information justifying its actions. Specifically, the superseding indictment itself, while not evidence that can be used at trial, is the direct product of the new information that the government received from the co-defendants who have been cooperating with the government.[2] See Corbitt, 675 F.2d at 630 (finding no vindictive prosecution in part because the additional count in the superseding indictment "was unquestionably based on probable cause."). See also Bordenkircher v. Hayes, 434 U.S. 357, 364, 98 S.Ct. 663, 668 (1978) ("In our system, so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion."). Therefore, the government has rebutted any presumption of vindictiveness, and the defendant has failed to meet his burden with regard to his motion to dismiss the superseding

---

[2]Indeed, the thirteen additional counts charged against the defendant in the superseding indictment are, by their nature, supported by probable cause, and comprise offense conduct that is alleged to have taken place during the same time period and in the same geographic area as the offenses charged against the defendant in the original indictment.

indictment.

B. Motion to Sever

In the alternative, the defendant argues that five counts of the superseding indictment against him, which charge him with possession with intent to distribute cocaine, should be severed from the remainder of the superseding indictment and tried separately, because they are unduly prejudicial to him. Specifically, the defendant claims that, because the conspiracy charge against him makes no mention of cocaine, he is not being charged with cocaine possession in connection with any methamphetamine-related offense, and therefore any evidence of alleged cocaine possession would be prejudicial in that a jury might tend to find him guilty on certain counts simply because they believe he is a "bad person," and not because of actual evidence of guilt. The defendant cites Fed. R. Crim P. 14(a), which pertains to prejudicial joinder, and permits a court to order separate trials of counts in a single indictment if the joinder of those counts "appears to prejudice a defendant."

Federal Rule of Criminal Procedure 8(a) governs joinder of offenses, and permits an indictment to charge a defendant with separate offenses so long as they "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute part of a common scheme or plan." Generally, the Fourth Circuit "ha[s] intepreted the latter two prongs of [Rule 8(a)] flexibly, requiring [only] that the joined offenses have a 'logical relationship' to one another." United States v. Cardwell, 433 F.3d 378, 385 (4th Cir. 2005). The government has proffered that the evidence at trial will demonstrate the defendant was a distributor of cocaine who then began to distribute methamphetamine as well. Because the events charged in the indictment took place during the same time frame and involved some of

the same witnesses, the court finds that a "logical relationship" exists such that joinder is appropriate, and there is no undue prejudice to the defendant from facing a single trial on all of the counts of the superseding indictment.

III. Conclusion

Therefore, as stated on the record, the court **DENIES** both the defendant's motion to dismiss the superseding indictment and the defendant's motion to sever.

The Clerk is **REQUESTED** to send a copy of this Order to the defendant, to counsel for the defendant and to the United States Attorney's Office, Eastern District of Virginia.

It is so **ORDERED**.

/s/
Jerome B. Friedman
UNITED STATES DISTRICT JUDGE

September 14, 2007
Norfolk, Va.