**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

**UNITED STATES OF AMERICA,**

       **Plaintiff,**

**v.**                                                 **Criminal Action No. 2:06cr172**

**FERNANDO SANTANA,**

       **Defendant.**

## <u>MEMORANDUM OPINION</u>

Before the court are the defendant's motion for a new trial and motion for judgment of acquittal. At the sentencing hearing held in this matter on January 18, 2008, the court orally denied the motions, but indicated that it would issue a more detailed opinion. Accordingly, the court, as previously held, **DENIES** the defendant's motions. Further, at the sentencing hearing, the court addressed the defendant's objections to an enhancement in his advisory guideline range on the basis of the finding that he had possessed a firearm in relation to the drug offenses of which he was convicted. The court overruled the defendant's objection, and herein details its ruling.

I. Factual and Procedural Background

After a jury trial, the defendant was convicted on several of the counts with which he was charged, including conspiracy to distribute and to possess with intent to distribute methamphetamine, conspiracy to launder money, distribution of methamphetamine, possession with intent to distribute methamphetamine, and money laundering. Prior to the start of the defendant's case, the court granted the defendant's motion for judgment of acquittal, pursuant to

Rule 29 of the Federal Rules of Civil Procedure, with regard to Counts 3, 8, 10, 12, 14, 19, and 21 of the Superseding Indictment.  The jury also found the defendant not guilty of Counts 4 and 6 of the Superseding Indictment.

On October 15, 2007, beyond the time period specified for the filing of such motions by Rules 29 and 33 of the Federal Rules of Civil Procedure, the defendant filed a renewed motion for judgment of acquittal and a motion for a new trial.[1]  The government filed a response brief on October 18, 2007.  On January 18, 2008, the court sentenced the defendant to a term of imprisonment of 252 months.  After hearing argument from defense counsel on the motions for judgment of acquittal and for a new trial, the court denied the motions.  In calculating the applicable sentencing range under the advisory Sentencing Guidelines, the court overruled the defendant's objection to receiving an enhancement for possessing a firearm in relation to a drug offense, pursuant to U.S.S.G. § 2D1.1(b)(1).

II.  Standard of Review

A.  Rule 29 Motion

In assessing the sufficiency of the trial evidence in the context of a motion filed pursuant to Federal Rule of Criminal Procedure 29, the court must view both "the evidence and the reasonable inferences to be drawn therefrom in the light most favorable to the Government." United States v. Burgos, 94 F.3d 849, 863 (4th Cir. 1996) (en banc); see United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997) ("A defendant challenging the sufficiency of the evidence to

---

[1] Both Rule 29 and Rule 33 specify that such motions are to be filed within 7 days of the entry of the jury's verdict.  That took place in the instant case on October 3, 2007, and the motions were therefore due on October 12, 2007, taking into account the weekend of October 6 and 7.  However, the motions were not filed until October 15, 2007.

support his conviction bears 'a heavy burden.'").  Thus, the court must sustain the jury's verdict if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  United States v. Myers, 280 F.3d 407, 415 (4th Cir. 2002).  In applying such test, the court "must consider circumstantial as well as direct evidence."  United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982).  Furthermore, the court "must remain cognizant of the fact that 'the jury, not the reviewing court, weighs the credibility of the evidence and . . . if the evidence supports different, reasonable interpretations, the jury decides which interpretation to believe.'"  Burgos, 94 F.3d at 862 (quoting United States v. Murphy, 35 F.3d 143, 148 (4th Cir.1994)).

B.  Rule 33 Motion

Federal Rule of Criminal Procedure 33 states that a court "may vacate any judgment and grant a new trial if the interest of justice so requires."  Fed. R. Crim. P. 33.  Although the plain meaning of such standard "makes unmistakably clear that granting a new trial is discretionary, . . . this discretion should be exercised where it is demonstrated that the fundamental fairness or integrity of the trial result is substantially in doubt."  United States v. Jennings, 438 F. Supp. 2d 637, 642 (E.D. Va. 2006).  The Fourth Circuit has instructed that "a trial court should exercise its discretion to award a new trial sparingly, and a jury verdict is not to be overturned except in the rare circumstance when the evidence 'weighs heavily' against it."  United States v. Smith, 451 F.3d 209, 216-17 (4th Cir. 2006) (citations omitted).  Although while addressing a Rule 33 motion a district court "is not constrained by the requirement that it view the evidence in the light most favorable to the government," such motion should only be granted when "the evidence weighs so heavily against the verdict that it would be unjust to enter judgment."  United States v.

3

Arrington, 757 F.2d 1484, 1485 (4th Cir. 1985).

C.  Sentencing Enhancement

Section 2D1.1(b)(1) of the Sentencing Guidelines provides for a two-level increase in the offense level "[i]f a dangerous weapon (including a firearm) was possessed" in connection with the underlying drug offense.  Application Note 3 to the Commentary to § 2D1.1 states:

> The enhancement for weapon possession reflects the increased danger of violence when drug traffickers possess weapons.  The adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense.  For example, the enhancement would not be applied if the defendant, arrested at his residence, had an unloaded hunting rifle in the closet.

In order to prove that a weapon was present, the government needs to show only that the weapon was possessed during the relevant illegal drug activity.  United States v. McAllister, 272 F.3d 228, 234 (4th Cir. 2001).  The burden is on the defendant "to show that the connection between drug offense and dangerous weapon possession was 'clearly improbable.'"  United States v. Harris, 128 F.3d 850, 852-53 (4th Cir. 1997).  The determination of whether the weapons enhancement is justified is a factual determination and is subject to a clearly erroneous standard of review.  United States v. Apple, 915 F.2d 899 (4th Cir. 1990).  The district court must find facts and state reasons for its ruling, and may not simply state a conclusion that the firearm enhancement is proper.  Id.

III.  Discussion

A.  Rule 29 Motion

The defendant argues in his renewed motion for judgment of acquittal that the verdicts of guilty lack sufficient evidence to support them, that the defendant was found guilty of an offense other than what was charged in the indictment, that the jury's findings with regard to drug

quantities are inconsistent, and that the superseding indictment should have been dismissed on the basis of vindictive prosecution.

i.  Insufficient Evidence

The defendant contends that there was insufficient evidence introduced at trial to support a guilty verdict, beyond a reasonable doubt, on all of the offenses of conviction.  In the context of the defendant's Rule 29 motion, the court "must assume that the jury resolved all contradictions in testimony in favor of the Government."  United States v. United Medical and Surgical Supply Corp., 989 F.2d 1390, 1402 (4th Cir. 1993).  Here, considering the testimony offered by numerous co-conspirators, including Octavio Chavez, Esmerelda Ramirez, Martin Fernandez, Brian Wilson, Kevin Crockett, John Gossett and Faith Gonze, the forensic evidence offered by Agent Alan Ferguson regarding the wire transfers between the defendant and Esmerelda Ramirez, and the remainder of the evidence offered at trial, the defendant's Rule 29 motion must fail as a "rational trier of fact could have found the essential elements" of conspiracy to distribute and possess with intent to distribute methamphetamine, conspiracy to launder money, distribution and possession with intent to distribute methamphetamine, money laundering, and possession of a firearm with an obliterated serial number beyond a reasonable doubt.  Myers, 280 F.3d at 415; see Burgos, 94 F.3d at 862-63 (indicating that a reviewing court "may not overturn a substantially supported verdict merely because it finds the verdict unpalatable or determines that another, reasonable verdict would be preferable," rather, a verdict must stand if "the evidence adduced at trial could support any rational determination of guilty beyond a reasonable doubt") (citations omitted).

Accordingly, the court finds that, when confronted with the evidence adduced at trial,

"any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." <u>United States v. Myers</u>, 280 F.3d 407, 415 (4th Cir. 2002). Thus, the defendant's motion for a new trial based on insufficiency of the evidence must be denied.

ii.  Offense Not Charged in the Superseding Indictment

The defendant claims that he was found guilty of an offense not charged in the superseding indictment, in that the special verdict form provided to the jury did not indicate that Count 11 charged him with attempted possession with intent to distribute methamphetamine. Specifically, during deliberations, the jury brought to the court's attention that the special verdict form did not indicate that the charge for Count 11 involved attempt. The court discussed this issue with counsel for both parties and all agreed that, indeed, an oversight had permitted the special verdict form to go to the jury without any indication that Count 11 charged the defendant with attempt.[2]  The court reconvened with the jury present and indicated that it could not instruct the jury how to proceed, but that the superseding indictment–and not the special verdict form–was the accurate representation of the charges against the defendant. Accordingly, the special verdict form was modified by the jury to indicate that its verdict as to Count 11 was to find the defendant guilty of attempting to possess with intent to distribute methamphetamine.

The defendant's contention, that he was found guilty of an offense not charged in the superseding indictment, is demonstrably false, as the special verdict form clearly indicates that the offense of conviction with respect to Count 11 is attempted possession with intent to

---

[2]This error occurred despite the review of the special verdict form by the court, the Assistant United States Attorney, and defense counsel. The defendant does not suggest that this was a deliberate attempt to circumvent the actual charge in the indictment, but instead that he suffered prejudice in that the jury should have been bound by the language in the special verdict form.

distribute methamphetamine.  Further, the Fourth Circuit has indicated that the failure to object to the contents of a special verdict form after having reviewed the form prior to its submission to the jury results in a waiver of the right to raise that issue on appeal.  Deadwylver v. Volkswagen of America, Inc., 885 F.2d 779, 782 (4th Cir. 1989).  Although the defendant did object at the time the jury brought the error to the court's attention, he failed to raise an objection when he was given an opportunity to review the special verdict form, nor did he object when the court failed to instruct the jury on the meaning of attempt.  It is clear, then, that the court acted properly in instructing the jury that the superseding indictment was controlling, and the jury acted properly in amending the special verdict form.  Thus, this issue does not support judgment of acquittal.

iii.  Inconsistent Verdicts

The defendant claims that the jury's verdict is inconsistent with regard to the drug weights attributed to him via the special verdict form.  Specifically, the defendant argues that the jury was inconsistent in determining that the drug weight attributable to him under Count 1 of the indictment, conspiracy to distribute and to possess with intent to distribute methamphetamine was 50 grams or more, but less than 500 grams of a mixture and substance containing methamphetamine, in light of the fact that the substantive distribution and possession with intent to distribute convictions include a finding that he attempted to distribute more than 50 grams of methamphetamine, commonly known as "ice."[3]  While the jury's verdict may indeed be

---

[3]This refers to the jury's finding of drug quantities vis-a-vis Count 11 of the superseding indictment.  The government produced extensive evidence that the quantity relating to Count 11 was 209 grams of "ice," and the drugs themselves were admitted into evidence at trial, after having been seized from the defendant's co-conspirators.  Indeed, there was little to no mention at the trial of methamphetamine in any other form but crystalline "ice."

internally inconsistent in this respect, it is clear that inconsistency is not a basis on which a judgment of acquittal or new trial may be granted.  See, e.g., United States v. Powell, 469 U.S. 57(1984) (rejecting the contention that jury verdicts must be vacated merely because it cannot rationally be reconciled with each other); United States v. Thomas, 900 F.2d 37, 40 (4th Cir. 1990) (rejecting the defendant's challenge to his conviction on the basis of inconsistency).

As the Fourth Circuit explained in Thomas, "the Supreme Court has made it clear that a defendant cannot challenge his conviction merely because it is inconsistent with a jury's verdict of acquittal on another count."  Id. (citing Powell, 469 U.S. at 66).  In Thomas, the jury had found the defendant guilty of conspiracy to distribute cocaine, but acquitted his alleged co-conspirator of the same charge.  On appeal, the defendant argued that his conviction should be reversed as inconsistent.  The Fourth Circuit disagreed, holding, in accord with Powell and several prior Supreme Court cases, that the defendant was not entitled to attack the jury's verdict merely because it was inconsistent with acquittal on another count.  Id.  Likewise, in Powell, the jury had found the defendant guilty of multiple counts of using a telephone to facilitate a drug conspiracy, but acquitted the defendant of conspiracy to distribute cocaine and of possession with intent to distribute cocaine.  The Court, although it recognized the obvious inconsistency, held that inconsistent verdicts "should not necessarily be interpreted as a windfall to the Government at the defendant's expense.  It is equally possible that the jury, convinced of guilt, properly reached its conclusion on the compound offense, and then through mistake, compromise, or lenity, arrived at an inconsistent conclusion on the lesser offense."  Powell, 469 U.S. at 65.  Accordingly, the Court "reject[ed], as imprudent and unworkable, a rule that would allow criminal defendants to challenge inconsistent verdicts on the ground that in their case the

verdict was not the product of lenity, but of some error that worked against them." Id. at 66.

The Court also noted that criminal defendants are protected against jury irrationality "by the independent review of the sufficiency of the evidence undertaken by the trial and appellate courts." Id.

Accordingly, the defendant's attempt to challenge the jury's verdict against him with regard to the drug conspiracy cannot proceed, as the defendant is requesting that the court probe deeper into the deliberations of the jury than is permissible.

iv.  Vindictive Prosecution

The defendant also renews his pretrial motion to dismiss the indictment on the basis of vindictive prosecution.  The court heard argument on this motion on September 11, 2007, and, ruling from the bench, denied the motion.  The court found that, even assuming that the defendant had created a presumption of vindictiveness based on the timing of the superseding indictment, which came after the court had declared a mistrial over the government's objection, the government had offered objective information that justified its filing of the superseding indictment, such as to rebut the presumption.  Specifically, the court found that the government had obtained information about additional criminal activities in which the defendant was allegedly involved during the immediate run-up to the initial trial in this case, and that, when the mistrial was declared, the government used the additional time it had to return to the grand jury and present this additional evidence, securing the superseding indictment.  Accordingly, based on the facts of this case, the court found that the government had successfully rebutted any presumption of vindictiveness, and therefore denied the motion.

The defendant provides the court with no further information that would justify the court

reversing its previous decision, and accordingly, the defendant's motion for judgment of acquittal should be denied as to this ground.

B.  Rule 33 Motion

i.  Renewed Motion for Severance

In moving for a new trial, the defendant renews his pre-trial motion for severance, which this court heard oral argument concerning on September 11, 2007.  The defendant had requested a separate trial on the counts involving cocaine, and argued that trial of those counts together with the remainder of the superseding indictment would be prejudicial to him, because jurors would assume the defendant is guilty of all of the charges simply because he was charged with them.  The court denied this motion, finding that the acts resulting in the cocaine-related charges were occurring at the same time as the acts resulting in the remainder of the charges in the superseding indictment, and therefore that there was enough of a relationship to try all of the charges together.  At trial, the court granted judgment of acquittal on several of the cocaine-related charges, and the jury returned a not guilty verdict on one of the remaining two cocaine-related charges.  Therefore, the only cocaine-related offense of which the defendant was convicted was Count 5, which charged him with possession with intent to distribute cocaine.  To the extent the defendant suggests that his trial on charges involving cocaine somehow prejudiced the jury into convicting him on money-laundering and methamphetamine-related charges, the mere fact that the jury evaluated the evidence enough to acquit him of all but one of the cocaine-related charges demonstrates the faultiness of this premise.  This court's assessment of the evidence adduced at trial demonstrates that the inclusion of the cocaine-related charges was not

prejudicial to the defendant's interests,[4] and therefore his motion for a new trial on this ground should be denied.

ii.  Renewed Objections During Trial

The defendant also argues that a new trial is warranted based on a reconsideration of several objections made during the course of the trial.  He specifically cites the objections he made to mention by witnesses of the defendant's alleged marijuana use and his objections to the government's use of Special Agent Alan Ferguson to present documentary evidence regarding wire transfers as part of the government's rebuttal phase.  Again, however, the defendant makes no further argument as to why this court's previous rulings on the objections were incorrect, and therefore, the court should not reconsider those rulings absent any new information.  Because the court acted properly in denying the defendant's motion for a mistrial, and because the court also clearly gave a limiting instruction to the jury with regard to the types of drugs for which the defendant was on trial, a new trial is not warranted.  With respect to Special Agent Ferguson's testimony, the court found that he qualified as an expert, and therefore permitted him to testify with respect to the procedures used by Western Union and MoneyGram to track and record wire transfers.  Because the court's ruling was proper, and the evidence testified to by Special Agent Ferguson properly cabined, a new trial is not appropriate.

iii.  Inconsistent Verdicts

As explained supra, inconsistent verdicts are not a basis by which a defendant may challenge his conviction.  Accordingly, the defendant's motion for a new trial on this basis must

---

[4]Numerous witnesses testified about the defendant's possession of cocaine in quantities that appeared to be for distribution.  These included Christina Craven, Kevin Crockett, and Bryan Wilson.

be denied.

iv.  Offense Not Charged in the Superseding Indictment

As explained supra, the jury found the defendant guilty of the offense as charged in

Count 11 of the superseding indictment, to wit: attempted possession with intent to distribute

methamphetamine.  Accordingly, the defendant is incorrect in claiming that he was convicted of

an offense not charged in the superseding indictment, and this cannot form the basis for a new

trial.

C.  Sentencing Enhancement

The Fourth Circuit has held that "the proximity of narcotics to weapons is sufficient to

warrant a Section 2D1.1(b)(1) enhancement."  United States v. Harris, 128 F.3d 850, 852 (4th

Cir. 1997).  The application of the enhancement has been upheld where a gun and drugs were

found in the same home, id. at 853, where a gun and drugs were found in the same briefcase,

United States v. Rusher, 988 F.2d 868, 880 (4th Cir. 1992), and where a third party actually held

the firearm.  United States v. Falesbork, 5 F.3d 715, 719-20 (4th Cir. 1993).  In Falesbork, the

court noted "that even where no conspiracy is charged, enhancement is appropriate where a

firearm is physically possessed by another participant in the offense conduct to further the illegal

enterprise."  Id. at 720.  There, the court cited United States v. White, 875 F.2d 427, 433 (4th

Cir. 1989), in which the enhancement was found proper even where the gun was located under a

codefendant's seat in a car.  Noting that "[t]he weapon was present, [co-defendants] Jackson and

White were acting in concert, it was not improbable that the weapon was connected with the

offense, and, under the circumstances of the case, it was fair to say that it was reasonably

foreseeable to Jackson that his co-participant was in possession of a firearm," the court found the

enhancement to be proper.  Id. at 433.

In the instant case, the defendant was actually convicted of possession of a firearm with an altered or obliterated serial number, leading to the unmistakable conclusion that the jury believed that the defendant actually possessed a firearm.  See 18 U.S.C. § 922(k) (including as an element of the offense, that an individual "knowingly . . . transport, ship, or receive . . . or possess . . . any firearm").  The defendant does not dispute that he was also convicted of multiple drug offenses.  However, he simply argues that a connection has not been shown between his drug-related offenses and his possession of a firearm.  Yet the unrebutted evidence at trial indicated that the defendant had given a Bryco Arms 9mm handgun with an obliterated serial number to Kevin Crockett, a co-conspirator, indicating that he needed it "for protection."  The defendant does not dispute this factual scenario as described in paragraph 34 of the Presentence Investigative Report ("PSR").  Another co-conspirator, Martin Fernandez, testified that he, the defendant, and other occupants of the house at 922 Vero St. in Norfolk, Virginia, kept weapons around the house, and identified the Bryco Arms 9mm gun as the defendant's gun.

In addition, Kevin Crockett and others testified about the exchange of a Springfield Armory M1A rifle for a quantity of methamphetamine, a transaction that was brokered by the defendant, in part because some other co-conspirators had been arrested prior to the consummation of the exchange.  The exchange took place at the house in which the defendant resided, at 922 Vero St. in Norfolk, Virginia, and the defendant again does not object to the fact that the exchange occurred.  Further, testimony adduced at trial indicated that, on one occasion, the defendant became involved in an altercation at a nightclub, and later, while driving on the highway, the defendant attempted to fire his gun from a moving vehicle after someone in another

car had fired upon the defendant's car.  See PSR, ¶¶ 21-22.   Accordingly, there is ample evidence to indicate that the defendant possessed a firearm at multiple times relevant to his illegal drug activities.  The defendant has not shown that the connection between the drug offense and the firearm possession is "clearly improbable."  United States v. Harris, 128 F.3d 850, 852-53 (4th Cir. 1997).  Thus, as stated by the court at the sentencing hearing, the application of the enhancement under U.S.S.G. § 2D1.1(b)(1) is proper, and the defendant's objection is overruled.

IV.  Conclusion

For the foregoing reasons, the defendant's renewed motion for judgment of acquittal is **DENIED**.  The defendant's motion for a new trial is **DENIED**.  Finally, the defendant's objection to the application of the sentencing enhancement for possessing a firearm in relation to a drug offense is **OVERRULED**.

The Clerk is **REQUESTED** to send a copy of this Order to counsel for the defendant, to the United States Attorney's Office in Norfolk, Virginia, and to the Probation Office.

**IT IS SO ORDERED**.

_____/s/_____
Jerome B. Friedman
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
January 28, 2008